UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Carolyn Jenkins,<br><br>            Plaintiff,<br><br>    v.<br><br>CitiFinancial,<br><br>            Defendant. | Civil Action<br>No. 10-986(NLH)<br><br>**OPINION** |

**APPEARANCES**:

Bruce K. Warren, Esq.
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia Street
Philadelphia, PA 19111
*Attorney for Plaintiff*

Martin C. Bryce, Esq.
BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP
PLAZA 1000
MAIN STREET
SUITE 500
VOORHEES, NJ 08043-4636
*Attorney for Defendant*

Michael R. Carroll, Esq.
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1163
*Attorney for Defendant*

**HILLMAN, District Judge**:

   This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint.  Defendant moves for dismissal because Plaintiff fails to state a claim upon which relief can be

1

granted.  Specifically, Defendant contends that Plaintiff failed to properly plead her privacy invasion (tort of false light) and intentional infliction of emotional distress claims.  For the reasons expressed below, Defendant's Motion shall be granted.

## I.   JURISDICTION

Plaintiff filed her claims in the Superior Court of New Jersey, and Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1367, 1441.  This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the requisite amount in controversy is met.

## II.  BACKGROUND[1]

Plaintiff, Carolyn Jenkins (hereinafter "Jenkins"), applied for and accepted a consumer loan from Defendant, CitiFinancial (hereinafter "Citi").  During the spring of 2009, Jenkins became insolvent and was unable to meet her monthly financial obligations on many of her liabilities, including her debt to Citi.  In an effort to resolve her financial difficulties, Jenkins accepted the services of a non-profit consumer credit counseling center.  This organization contacted Citi and requested a reduction in Jenkins' interest rates and monthly

---

[1] Given that the present matter before the Court is Defendant's Motion to Dismiss, the operative facts are culled from Plaintiff's Complaint, accepted as true, and viewed in a light most favorable to the nonmoving party. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

payment.  Citi, however, refused to participate in Jenkins' attempted consolidation.

Although Jenkins made a partial payment to Citi in May 2009, Citi began to call Jenkins numerous times per day on her cellular, residence, and work phones.  The calls to her place of employment prompted Jenkins to inform Citi that she is not permitted to accept personal calls at work.  In July 2009, Jenkins sent a letter to Citi requesting that Citi cease all calls to her place of employment.

A few days later, however, Citi's agent called Jenkins at work to verify her employment.  Jenkins confirmed her employment and instructed Citi's agent to stop calling.  Despite this request, Citi's agent promptly called Jenkins place of employment again to speak with her supervisor.  During the conversation, Citi's agent informed Jenkins' supervisor that Citi wanted to verify Jenkins' employment so Citi could garnish her wages for the past due debt.  According to Jenkins, Citi continues to call her about the debt.

On January 22, 2010, Jenkins filed her Complaint in the Superior Court of New Jersey, Law Division, Camden County.  Citi subsequently filed its notice of removal and removed this case on February 24, 2010.  In lieu of answering, on March 10, 2010, Citi filed this Motion to Dismiss Jenkins' Complaint.  Jenkins opposes Citi's Motion.

**III. DISCUSSION**

    **A.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)). Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis. First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129

4

S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

**B.   Privacy Invasion (Tort of False Light) Claim**

Citi asserts that Jenkins' claim must fail because the information allegedly disclosed was not false.  According to Citi, Jenkins admits she stopped making payments on her debt because of insolvency.  In response, Jenkins argues that she properly stated a claim for false light because Citi called her employer and disclosed her financial condition.  Jenkins

5

additionally contends, in her reply brief, that Citi placed her in a false light when its agent falsely told Jenkins' supervisor that her pay was going to be garnished.

The tort of false light involves "publicity that unreasonably places the other in a false light before the public." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1115 (N.J. 2009) (quoting Romaine v. Kallinger, 537 A.2d 284 (N.J. 1988)).  To state a claim for false light, New Jersey Law requires the plaintiff establish that (1) "the false light in which the other was placed would be highly offensive to a reasonable person"; and (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Leang, 969 A.2d at 1116 (quoting Romaine, 537 A.2d at 290).  This publicized material must constitute a "major misrepresentation of [the plaintiff's] character, history, activities or beliefs." Romaine, 537 A.2d at 295 (quoting Jonap v. Silver, 474 A.2d 800, 806 (Conn. App. Ct. 1984)).

A fundamental requirement of the tort of false light is that the disputed publicity be false, or at least create a false public impression of the plaintiff. G.D. v. Kenny, 984 A.2d 921, 933-34 (N.J. Super. Ct. App. Div. 2009).  Consequently, falsity of the statement is critical to a plaintiff's cause of action. Id. at 934; *See* Andros v. Gross, No. 03-1775, 2005 WL 3500058, *

9 (D.N.J Dec. 21, 2005) (stating that one of the requirements of a false light claim "is, obviously, falsity"); *see also* Zheng v. Quest Diagnostics, Inc., 248 Fed. Appx. 416, 419 n. 5 (3d Cir. 2007) (noting that the tort of false light hinges upon the falsity of the statements).  If the statement is not false, the cause of action must be dismissed. Kenny, 984 A.2d at 934.  Therefore, truth of the statement completely bars a plaintiff's false light claim.

Jenkins' false light claim fails because she does not plead any false statements made by Citi to her employer.  As noted above, the tort of false light requires disclosure of false information.  In her Complaint, Jenkins alleges that Citi placed her in a false light by disclosing her financial condition to her employer.  Although not directly alleged, the Court infers that Jenkins' allegation "disclosing to her employer her financial condition" means Citi disclosed false information about Jenkins financial condition.[2] (Doc. 1 at Compl. ¶ 20).  Jenkins, however, admits in her Complaint that she "found herself insolvent and unable to meet her monthly obligations on many of her liabilities, including the debt owed to Defendant." (Id. at Compl. ¶ 4).  Black's Law Dictionary defines insolvent as "having

---

[2] The disclosure of Jenkins financial condition alone does not satisfy the elements of the tort of false light.  Rather, Citi must disclose false information or information that, at minimum, could create a false public impression about Jenkins' financial condition.

liabilities that exceed the value of assets; having stopped paying debts in the ordinary course of business or being unable to pay them as they fall due." Black's Law Dictionary (9th ed. 2009).  This definition accurately and precisely describes Jenkins financial situation.  Although Citi disclosed Jenkins' financial information to her employer, the information disclosed was not false because Jenkins, admittedly, was insolvent.  Jenkins, therefore, does not establish a *prima face* case of false light because she failed to plead a statement by Citi that was false.

In her Opposition to Citi's Motion to Dismiss, Jenkins attempts to cure this defect.  In her brief, Jenkins states that Citi's statement to her employer regarding commencement of garnishment proceedings and impending garnishment of her wages cast her in false light.[3]  The Court, however, cannot consider Jenkins briefing because "[i]t is well-settled . . . that [a party] may not amend [its pleadings] through arguments in [its] brief." Sepracor Inc. v. Teva Pharm. USA, Inc., No. 09-1302, 2010

---

[3] Although Jenkins does allege in her Complaint that Citi's agents called her place of employment to verify her employment so Citi could institute garnishment proceedings for her debt, we do not consider whether these facts state a claim for false light.  It is inappropriate for the Court to address these facts because Jenkins' only allegation, in her Complaint, of false light was disclose of her financial situation, not Citi's comments regarding garnishment of Jenkins' wages.  The Court cannot litigate Jenkins' case by considering these allegations concerning garnishment, as they were never pled as the disclosed false light.

WL 2326262, * 6 (D.N.J. June 7, 2010) (quoting Francis v. Joint Force Headquarters Nat'l Guard, No. 05-4882, 2009 WL 90396 (D.N.J. Jan. 12, 2009)); *see e.g.*, Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 862 (D.N.J. 1992) (rejecting a plaintiff's attempt to amend her brief through her opposition brief).  If Jenkins desired to amend her Complaint, she should have done so through Fed. R. Civ. P. 15, not her opposition brief. *See* Surgick v. Cirella, No. 09-3807, 2010 WL 2539418, * 4 n. 8 (D.N.J. June 15, 2010) (noting that insufficiencies in a claim are not cured by a brief, rather the "mechanism for curing pleading deficiencies" is to file a formal motion to amend pursuant to Fed. R. Civ. P. 15).  Consequently, Jenkins did not properly plead her claim of false light because she failed to plead any false statements by Citi.  This Court will, therefore, dismiss, Jenkins' privacy invasion (false light) claim.

    **C.**    **Intentional Infliction of Emotional Distress Claim**

Citi asserts that Jenkins' intentional infliction of emotional distress claim must fail because (1) she failed to assert facts that support her claim that Citi's actions were extreme and outrageous and (2) she did not plead the required element of severe distress.  Jenkins argues she properly asserted her claim because Citi refused to accept a payment plan, called Jenkins numerous times a day, contacted her place of employment after being notified to cease calls and disclosed private

information to her employer.

To properly plead intentional infliction of emotional distress, under New Jersey law, a plaintiff must establish "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Buckley v. Trenton Savings Fund Soc., 544 A.2d 857, 863 (N.J. 1988). Jenkins claim is deficient for two reasons: (1) she failed to plead sufficient facts that Citi's actions were outrageous; and (2) she did not plead the required element of serve distress.

New Jersey sets a "high bar" for a plaintiff to establish extreme and outrageous conduct. Taveras v. Resorts Intern. Hotel, Inc., No. 07-4555, 2008 WL 4372791 * 6 (D.N.J. Sept. 19, 2008) (citing Fregara v. Jet Aviation Bus. Jets, 764 F. Supp. 940, 956 (D.N.J. 1991) ("[Under New Jersey law,] the limited scope of the tort tolerates many kinds of unjust, unfair and unkind conduct.")). To rise to the level of emotional distress, outrageous conduct must be "so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Taveras, 2008 WL at * 5. A good rule of thumb to determine whether conduct is sufficiently extreme or outrageous as to constitute emotional distress, is whether an average member of the community would exclaim "outrageous" upon hearing the facts. *See* Ruprecht v. Ruprecht*,* 599 A.2d 604, 607

10

(N.J. Super. Ct. Ch. Div. 1991). "A court determines whether outrageous conduct could possibly be found as a matter of law based on the facts, while a jury determines if in fact that conduct was outrageous." Kenny, 984 A.2d at 932-33 (citing Taylor v. Metzger, 706 A.2d 685 (N.J. 1998). Mere threats, insults, indignities, annoyances, petty oppressions and other trivialities are insufficient harms that do not constitute extreme or outrageous conduct. 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 547 A.2d 1134, 1145 (N.J. Super. Ct. App. Div. 1988); see, e.g., Ruprecht, 599 A.2d at 608 (finding no outrageous conduct when a wife had an eleven year adulterous affair with her boss); McDonnell v. State of Ill., 725 A.2d 126, 135 (N.J. Super. Ct. App. Div. 1999) (opining that no outrageous conduct existed when an employee felt he was denied promotions and fired based on his age), *contra* Hume v. Bayer, 428 A.2d 966, 969 (N.J. Super. Ct. Law Div. 1981) (finding outrageous conduct when a doctor told a child's parents that the child was suffering from a rare cancerous disease, even though the doctor knew the child had nothing more than a mildly infected appendix); 49 Prospect St. Tenants Ass'n, 547 A.2d at 1147-48 (concluding that outrageous conduct existed when a landlord failed to provide central heating, running water and security in a rent controlled building in an effort to induce tenants to vacate).

To establish severe emotional distress, a plaintiff must

demonstrate that the emotional distress suffered was "so severe that no reasonable man could be expected to endure it." Buckley, 544 A.2d at 863; Aly v. Garcia, 754 A.2d 1232, 1236 (N.J. Super. Ct. App. Div. 2000. This distress must be sufficiently substantial as to result in either physical illness or serious psychological harm. Turner, 832 A.2d at 348; *see* Garcia, 754 A.2d at 1236-37 (finding that being "acutely upset" by an incident is not sufficient to establish severe distress). Mere allegations of inability to sleep, headaches, embarrassment or aggravation are insufficient to constitute severe distress. Wigginton v. Servidio, 734 A.2d 798, 807 (N.J. Super. Ct. App. Div. 1999) (citing Buckley, 544 A.2d at 864). A finding of severe emotional distress requires, and ultimately results in, a severe and disabling emotional or mental condition that has a dramatic impact on daily activities or ability to function. Turner, 832 A.2d at 348; Lascurain v. City of Newark, 793 A.2d 731, 748 (N.J. Super. Ct. App. Div. 2002) (finding no severe emotional distress where plaintiff claimed that she became nauseous and upset, was depressed, had nightmares and no longer enjoyed her daily activities). Consequently, the impact of severe emotional distress is so substantial that New Jersey courts have found the element of severe emotional distress satisfied, in some cases, when the plaintiff's condition is recognized and diagnosed by

trained professionals.[4] <u>Garcia</u>, 754 A.2d at 1236; <u>Griffin v. Tops Appliance City, Inc.</u>, 766 A.2d 292, 298 ((N.J. Super. Ct. App. Div. 2001).

Jenkins' claim for intentional infliction of emotional distress is not viable as a matter of law. With respect to the outrageousness element, Jenkins fails to allege any outrageous conduct by Citi. She merely alleges that Citi refused to accept her payment plan, called her numerous times a day, contacted her place of employment after receiving notification to cease calling and disclosed her financial condition to her employer. These actions are nothing more than mere annoyances or other trivialities. Bill collectors routinely employ essentially the same conduct Jenkins alleges, which, while annoying or inconvenient, does not amount to atrocious conduct that exceeds all bounds of human decency.[5] Jenkins additionally fails to state in her Complaint any facts indicating she suffered severe distress. She does not allege how Citi's conduct caused distress that changed her daily life or ability to function. Nor does she

---

[4] Although not specifically relevant to this matter, a medical professional's diagnosis of severe distress does not guarantee that a Court will find the element satisfied.

[5] Defendant's conduct may nonetheless be self-defeating and demonstrate exceedingly poor judgment. It is not hard to imagine that interfering with the employee/employer relationship without actually seeking to garnish wages might make it harder - rather than easier - to collect the past due debt. Not every wrong or act of stupidity, however, constitutes a tort.

indicate whether Citi's conduct caused her physical illness or psychological harm.  Consequently, Jenkins' intentional infliction of emotional distress claim must fail because she failed to plead sufficient facts to satisfy the elements of outrageous conduct and severe distress.  This Court will, therefore, dismiss, Jenkins' intentional infliction of emotional distress claim.

### IV. CONCLUSION

For the reasons expressed above, Defendant's Motion to Dismiss [4] Plaintiff's Complaint will be granted.  An appropriate order will be entered.


Date: November 23, 2010                    s/ Noel L. Hillman

At Camden, New Jersey                      NOEL L. HILLMAN, U.S.D.J.